# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK L. COUSINEAU, et al., | CASE NO. CV F 09-0240 LJO GSA |
| Plaintiffs, | **ORDER ON DEFENDANT'S F.R.Civ.P. 12 MOTION TO DISMISS** |
| vs. | (Docs. 6, 7.) |
| CHEVY CHASE BANK, et al, | |
| Defendants. | |

## INTRODUCTION

Defendant Chevy Chase Bank, F.S.B. ("CCB") seeks to dismiss as time barred and conclusory plaintiffs Frank Cousineau and Maria del Rosario de los Rios de Cousineau's (collectively "plaintiffs'") rescission and damages claims under the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601, et seq., and its implementing regulations, 12 C.F.R. §§ 226, et seq. ("Reg. Z"). Plaintiffs filed no timely papers to oppose dismissal of CCB. This Court considered CCB's F.R.Civ.P. 12(b)(6) motion to dismiss on the record and VACATES the April 9, 2009 hearing, pursuant to Local Rule 78-230 (c), (h). For the reasons discussed below, this Court DISMISSES this action against CCB and need not address CCB's alternative F.R.Civ.P. 12(e) motion.

## BACKGROUND

### Plaintiffs' Home Loan

Plaintiffs are married and obtained an Adjustable Rate Mortgage ("ARM") to refinance their

Modesto home ("property") which secured the ARM. Plaintiffs "closed" on their ARM "with documents signed" on August 1, 2005. The parties' papers are unclear whether CCB originated or later acquired the ARM for the property. Plaintiffs' complaint merely identifies CCB as a creditor "engaged in the business of extending consumer credit" under TILA and Reg. Z.

Plaintiffs are in default and received a Notice of Default and Election to Sell Under Deed of Trust which was sent by CCB.

## **Plaintiffs' Claims**

Plaintiffs filed this action on February 5, 2009 and appear to complain chiefly that loan disclosure documents failed to disclose "the true nature and costs" and "pertinent information regarding" plaintiffs' ARM loan. Plaintiffs' complaint alleges:

1. A (first) TILA rescission cause of action that plaintiffs are entitled to rescind their loan for "failure to provide proper *material* disclosures" (italics in original); and

2. A (second) TILA violation cause of action for damages arising from failure to make required TILA and Reg. Z disclosures.

The complaint seeks to rescind plaintiffs' loan, a return of plaintiffs' money or property, statutory damages, an injunction of foreclosure, and attorney fees.

## **DISCUSSION**
## **F.R.Civ.P. 12(b)(6) Motion Standards**

The initial thrust of CCB's F.R.Civ.P. 12(b)(6) motion is that plaintiffs' TILA rescission and damages claims are time barred. A limitations defense may be raised by a F.R.Civ.P. 12(b)(6) motion to dismiss. *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980); *see Avco Corp. v. Precision Air Parts, Inc.*, 676 F.2d 494, 495 (11th Cir. 1982), *cert. denied*, 459 U.S. 1037, 103 S.Ct. 450 (1982). A F.R.Civ.P. 12(b)(6) motion to dismiss may raise the limitations defense when the statute's running is apparent on the complaint's face. *Jablon*, 614 F.2d at 682. If the limitations defense does not appear on the complaint's face and the trial court accepts matters outside the pleadings' scope, the defense may be raised by a motion to dismiss accompanied by affidavits. *Jablon*, 614 F.2d at 682; *Rauch v. Day and Night Mfg. Corp.*, 576 F.2d 697 (6th Cir. 1978). If the limitations defense is not apparent on the complaint's face and the motion to dismiss is not accompanied by acceptable affidavits, an appropriate

summary judgment motion may be employed. *Jablon*, 614 F.2d at 682.

CCB further seeks dismissal of plaintiffs' claims as conclusory. A F.R.Civ.P. 12(b)(6) motion to dismiss is a challenge to the sufficiency of the pleadings set forth in the complaint. "When a federal court reviews the sufficiency of a complaint, before the reception of any evidence either by affidavit or admissions, its task is necessarily a limited one. The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheurer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683 (1974); *Gilligan v. Jamco Development Corp.*, 108 F.3d 246, 249 (9th Cir. 1997). A F.R.Civ.P. 12(b)(6) dismissal is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990); *Graehling v. Village of Lombard, Ill.*, 58 F.3d 295, 297 (7th Cir. 1995). F.R.Civ.P. 12(b)(6) dismissal is proper when "plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 101-102 (1957).

In resolving a F.R.Civ.P. 12(b)(6) motion, the court must: (1) construe the complaint in the light most favorable to the plaintiff; (2) accept all well-pleaded factual allegations as true; and (3) determine whether plaintiff can prove any set of facts to support a claim that would merit relief. *Cahill v. Liberty Mut. Ins. Co.,* 80 F.3d 336, 337-338 (9th Cir. 1996). Nonetheless, a court is "free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations." *Farm Credit Services v. American State Bank*, 339 F.3d 765, 767 (8th Cir. 2003) (citation omitted). A court need not permit an attempt to amend a complaint if "it determines that the pleading could not possibly be cured by allegation of other facts." *Cook, Perkiss and Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (internal citations omitted). Moreover, a court "will dismiss any claim that, even when construed in the light most favorable to plaintiff, fails to plead sufficiently all required elements of a cause of action." *Student Loan Marketing Ass'n v. Hanes*, 181 F.R.D. 629, 634 (S.D. Cal.

3

1998).

For a F.R.Civ.P. 12(b)(6) motion, a court generally cannot consider material outside the complaint. *Van Winkle v. Allstate Ins. Co.*, 290 F.Supp.2d 1158, 1162, n. 2 (C.D. Cal. 2003). Nonetheless, a court may consider exhibits submitted with the complaint. *Van Winkle*, 290 F.Supp.2d at 1162, n. 2. In addition, a "court may consider evidence on which the complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion." *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006). A court may treat such a document as "part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir.2003). Such consideration prevents "plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting reference to documents upon which their claims are based." *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998). A "court may disregard allegations in the complaint if contradicted by facts established by exhibits attached to the complaint." *Sumner Peck Ranch v. Bureau of Reclamation*, 823 F.Supp. 715, 720 (E.D. Cal. 1993) (citing *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir.1987)). Moreover, "judicial notice may be taken of a fact to show that a complaint does not state a cause of action." *Sears, Roebuck & Co. v. Metropolitan Engravers, Ltd.*, 245 F.2d 67, 70 (9th Cir. 1956); *see Estate of Blue v. County of Los Angeles*, 120 F.3d 982, 984 (9th Cir. 1997). As such, this Court may consider plaintiffs' pertinent loan documents.

## **Limitations Defense – TILA Rescission**

The complaint notes that plaintiffs give "effective notice to rescind" their loan. CCB characterizes plaintiffs' rescission attempt as untimely given that plaintiffs filed their complaint three years and five months after the loan closing.

TILA's "buyer's remorse" provision allows borrowers three business days to rescind, without penalty, a consumer loan that uses their principal dwelling as security. *Semar v. Platte Valley Federal Sav. & Loan Ass'n*, 791 F.2d 699, 701 (9th Cir. 1986);15 U.S.C. § 1635(a). TILA rescission may be extended up to three years if the lender fails to comply with TILA disclosure requirements. *Semar*, 791 F.2d at 701-702; 15 U.S.C. § 1635(f).

4

15 U.S.C. § 1635(f) addresses the outer most limit to seek rescission:

> An obligor's right of rescission **shall expire three years after the date of consummation of the transaction** or upon the sale of the property, whichever occurs first, notwithstanding the fact that the information and forms required under this section or any other disclosures required under this part have not been delivered to the obligor, except that if (1) any agency empowered to enforce the provisions of this subchapter institutes a proceeding to enforce the provisions of this section within three years after the date of consummation of the transaction, (2) such agency finds a violation of this section, and (3) the obligor's right to rescind is based in whole or in part on any matter involved in such proceeding, then the obligor's right of rescission shall expire three years after the date of consummation of the transaction or upon the earlier sale of the property, or upon the expiration of one year following the conclusion of the proceeding, or any judicial review or period for judicial review thereof, whichever is later. (Bold added.)

The United States Supreme Court has described as "manifest" Congress' intent to prohibit rescission after the three-year period has run:

> Section 1635(f), however, takes us beyond any question whether it limits more than the time for bringing a suit, by governing the life of the underlying right as well. The subsection says nothing in terms of bringing an action but instead provides that the "right of rescission [under the Act] shall expire" at the end of the time period. It talks not of a suit's commencement but of a right's duration, which it addresses in terms so straightforward as to render any limitation on the time for seeking a remedy superfluous. There is no reason, then, even to resort to the canons of construction that we use to resolve doubtful cases, such as the rule that the creation of a right in the same statute that provides a limitation is some evidence that the right was meant to be limited, not just the remedy. *See Midstate Horticultural Co., supra*, at 360, 64 S.Ct., at 130; *Burnett, supra*, at 427, n. 2, 85 S.Ct., at 1054 n. 2; *Davis v. Mills*, 194 U.S. 451, 454, 24 S.Ct. 692, 693-694, 48 L.Ed. 1067 (1904).

*Beach v. Ocwen Fed. Bank*, 523 U.S. 410, 417, 419, 118 S.Ct. 1408 (1998).

The face of the complaint reveals that plaintiffs' rescission remedy expired August 1, 2008, months prior to filing this action. Based on extinction of such remedy, plaintiffs are unable to rely on equitable tolling to revive their stale rescission claim. This Court construes plaintiffs' lack of timely opposition as their concession that their TILA rescission claim is subject to dismissal.

## **Limitations Defense – TILA Damages**

CCB contends that the complaint's (second) TILA damages cause of action is barred by the one-year limitations period of 15 U.S.C. § 1640(e), which provides that an action for a TILA violation must proceed "within one year from the date of the occurrence of the violation." The limitations period runs from the date of a transaction's consummation which is the time that a consumer becomes contractually obligated on a credit transaction. *Monaco v. Bear Stearns Residential Mortgage Corp.*, 554 F.Supp.2d

5

1034, 1039 (C.D. Cal. 2008).

The limitations period started on August 1, 2005 when plaintiffs signed their loan documents and that the February 5, 2008 filing of the complaint renders their TILA damages claim untimely. The Ninth Circuit Court of Appeals noted in *Meyer v. Ameriquest Mortgage Co.*, 342 F.3d 899, 902 (9th Cir. 2003):

> The failure to make the required disclosures occurred, if at all, at the time the loan documents were signed. The [plaintiffs] were in full possession of all information relevant to the discovery of a TiLA violation and a § 1640(a) damages claim on the day the loan papers were signed.

The complaint alleges that plaintiffs are entitled to equitable tolling of the one-year limitations period. "Equitable tolling may be applied if, despite all due diligence, a plaintiff is unable to obtain vital information bearing on the existence of his claim." *Santa Maria v. Pacific Bell*, 202 F.3d 1170, 1178 (9th Cir. 2000). "If a reasonable plaintiff would not have known of the existence of a possible claim within the limitations period, then equitable tolling will serve to extend the statute of limitations for filing suit until the plaintiff can gather what information he needs." *Santa Maria*, 202 F.3d at 1178.

Nothing in the complaint hints that plaintiffs were prevented to compare their loan documents and disclosures with TILA statutory and regulatory requirements. The complaint lacks allegations of facts to invoke equitable tolling. Plaintiffs' TILA damages claim is time barred, and plaintiffs do not oppose dismissal.

## CONCLUSION AND ORDER

For the reasons discussed above, this Court:

1. DISMISSES with prejudice this action against CCB;
2. DIRECTS the clerk to enter judgment in favor of defendant Chevy Chase Bank, F.S.B. and against plaintiffs Frank Cousineau and Maria del Rosario de los Rios Cousineau; and
3. ORDERS plaintiffs' counsel, no later than April 3, 2009, to show cause in writing why this Court should not dismiss this action against defendant Cal-Western Reconveyance Corporation.

**This Court ADMONISHES plaintiffs and their counsel that this Court will dismiss this action**

///

///

**against defendant Cal-Western Reconveyance Corporation if plaintiffs' counsel fails to comply with this order.**

IT IS SO ORDERED.

**Dated:   March 27, 2009**                             /s/ Lawrence J. O'Neill
                                                              UNITED STATES DISTRICT JUDGE