| | |
|---|---|
| | |

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FRANK COUSNINEAU, et al., | CASE NO. CV F 09-0240 LJO GSA |
| Plaintiffs, | **ORDER TO DISMISS FOR DISOBEDIENCE OF ORDER** |
| vs. | (Docs. 8.) |
| CHEVY CHASE BANK, et al., | |
| Defendants. | |

### BACKGROUND

This Court's March 30, 2009 order ("March 30 order") dismissed defendant Chevy Chase Bank, F.S.B., and required plaintiffs, no later than April 3, 2009, to show cause in writing why this Court should not dismiss this action against Cal-Western Reconveyance Corporation. The March 30 order "**ADMONISHES plaintiffs and their counsel that this Court will dismiss this action against defendant Cal-Western Reconveyance Corporation if plaintiffs' counsel fails to comply with this order.**" (Bold in original.) Plaintiffs have failed to show cause in writing why this Court should not dismiss Cal-Western Reconveyance Corporation to disobey the March 30 order.

### DISCUSSION

#### Failure To Comply With Orders

This Court's Local Rule 11-110 provides that ". . . failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where

1

appropriate . . . dismissal of a case." *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to obey a court order or local rules. *See, e.g., Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for failure to comply with a court order or local rules or for lack of prosecution, a court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendant; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-1261; *Ghazali*, 46 F.3d at 53.

In this case, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal as plaintiffs indicate a lack of interest to further litigate or prosecute this action. The third factor -- risk of prejudice to defendant -- also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor -- public policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, a court's warning to a party that its failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-133; *Henderson*, 779 F.2d at 1424. The March 30 order "**ADMONISHES plaintiffs and their counsel that this Court will dismiss this action against defendant Cal-Western Reconveyance Corporation if plaintiffs' counsel fails to comply with this order.**" (Bold in original.) Plaintiffs ignored the March 30 order and received adequate warning that dismissal will result from disobedience of this Court's orders and failure to prosecute this action. Quite

1 | simply, plaintiffs have failed to comply with this Court's order and to meaningfully and intelligently
2 | respond.

### **CONCLUSION AND ORDER**

For the reasons discussed above, this Court:

1. DISMISSES without prejudice this action against defendant Cal-Western Reconveyance Corporation; and

2. DIRECTS the clerk to close this action.

IT IS SO ORDERED.

**Dated:   April 6, 2009**                          /s/ Lawrence J. O'Neill
                                                    UNITED STATES DISTRICT JUDGE